

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00265-CR

**ADRIAN CALDERON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 23,372**

## ABATEMENT ORDER

Appellant, Adrian Calderon, was charged by indictment with continuous sexual abuse of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2017). Appellant pleaded "not guilty" to the charged offense, and this matter proceeded to trial.

At the conclusion of the evidence, the jury found appellant guilty of the charged offense and assessed punishment at life imprisonment in the Institutional Division of the

Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

Appellant's court-appointed appellate counsel has filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). In his *Anders* brief, counsel stated his conclusion that, after evaluating the entire record, "he does not believe that the Appellant has any arguable grounds to advance in this appeal." The brief cited applicable case law, discussed the case background and appellant's sentencing hearing, and analyzed several possible issues. Counsel found no arguable error.

Counsel notified appellant by letter of his motion to withdraw, provided him a copy of the motion and *Anders* brief, informed him of his right to file a pro se response, informed him of his right to seek discretionary review before the Court of Criminal Appeals should this Court find the appeal frivolous, and provided appellant a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations upon filing a motion to withdraw supported by an *Anders* brief). Appellant has not filed the motion for pro se access, nor has he filed a pro se response in this matter.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see In re Schulman*, 252 S.W.3d 403,

407 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.3d 503, 510 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). After doing so, we are not satisfied that the appeal is wholly frivolous. *See High*, 573 S.W.2d at 811 ("[I]n the last analysis, it is up to the court, not counsel, 'after a full examination of all proceedings, to decide whether the case is wholly frivolous." (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400)). We disagree with counsel's assertion that appellant's desire to discharge his retained trial counsel and represent himself after the State rested does not constitute an arguable ground on appeal.

The record reveals that, after the State rested and after defense counsel cross-examined the child victim in this case, appellant moved to discharge retained counsel. The trial court permitted appellant's family members to talk with him and assist in this matter then questioned appellant regarding his education and legal experience. Despite the admonishments, appellant appeared to unequivocally assert his right to self-representation. Nevertheless, the trial court denied appellant's request.

We grant counsel's motion to withdraw. *See Stafford*, 813 S.W.2d at 511. We further abate the appeal and remand the cause to the 52nd District Court of Coryell County. On remand, the trial court shall appoint new counsel to represent appellant in this appeal. The trial court shall cause the name, email and postal addresses, telephone number, and state bar number of the newly-appointed counsel to be included in a supplemental

record. The record of that appointment shall be filed with the Clerk of this Court on or before March 21, 2018.

Additionally, the trial court shall order the newly-appointed counsel to file an appellant's brief, according to the Texas Rules of Appellate Procedure, addressing any arguable meritorious ground for appeal flowing from appellant's requests to discharge retained counsel and represent himself, as well as any other arguably meritorious ground counsel sees for reversal or modification of the trial court's judgment. Absent a request for extension from newly-appointed counsel, the appellate brief shall be filed no later than thirty days from the date of counsel's appointment. A response brief may be filed by the State within thirty days after the filing of the appellant's brief.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated & remanded
Order delivered and filed February 21, 2018
Do not publish
[CRPM]

